```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
___

UNITED STATES OF AMERICA,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　Cv. No. 04-2223-Ml/V
　　　　　　　　　　　　　　　　　　　Cr. No. 00-20067-Ml
TARYLL CUNNINGHAM,

    Defendant.

___

```
    ORDER DENYING MOTION TO AMEND OR SUPPLEMENT § 2255 MOTION
          ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
             ORDER DENYING CERTIFICATE OF APPEALABILITY
           ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                AND
         ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS
```
___

On March 31, 2004, defendant, Taryll Cunningham, Bureau of Prisons registration number 17312-076, an inmate at the Federal Correctional Institution ("FCI") at Forrest City, Arkansas, filed a motion under 28 U.S.C. § 2255, seeking to set aside the sentence imposed for his convictions for violating 21 U.S.C. § 841 and 18 U.S.C. § 2.

I. PROCEDURAL HISTORY

    On April 18, 2000, a federal grand jury returned a two-count indictment against Cunningham and a codefendant.  Cunningham was charged with two counts of aiding and abetting in the possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841 and 18 U.S.C. § 2.

On August 29, 2000, Cunningham pled guilty pursuant to a written plea agreement to both counts of the indictment. Cunningham was released on bond awaiting sentencing when he was arrested by Shelby County law enforcement for possession of a controlled substance and possession of a weapon. On October 31, 2000, an arrest warrant was issued for his pretrial release violation. On February 8, 2001, this Court conducted a sentencing hearing and imposed sentences of 188 months on each count, to be served concurrently. The Court also imposed concurrent five year terms of supervised release. Judgment was entered on February 12, 2001. Cunningham did not appeal.

On March 31, 2004, Defendant filed this pro se motion to vacate his sentence, contending that his pretrial release violation prevented him from receiving a reduction for acceptance of responsibility and that the state charges were dismissed pursuant to an order of nolle prosequi entered January 7, 2004. He alleges that this dismissal entitles him to be resentenced.

II.  MOTION TO AMEND

On August 16, 2004, Cunningham, filed a motion to amend his pending § 2255 petition with a claim that his sentence violates the principles enunciated in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296 (2004).

The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially

2

raised in a timely § 2255 motion. See Anderson v. United States, No. 01-2476, 2002 WL 857742 at *3(6th Cir. May 3, 2002); Oleson v. United States, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). However, as set forth below, Cunningham's pro se § 2255 motion filed on March 31, 2004 was untimely. Accordingly, it would be futile to allow him to amend his motion to raise additional claims.

Once the statute of limitations has expired, allowing amendment of a petition with additional grounds for relief would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996)(codified, inter alia, at 28 U.S.C. § 2244 et seq.)(hereinafter "AEDPA"). Oleson, 2001 WL 1631828, at *3 (citing United States v. Thomas, 221 F.3d 430, 436 (3d Cir. 2000)("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")).[1] The motion to amend filed on August 16, 2004, is untimely and the issues therein are barred by the AEDPA statute of limitations.

Furthermore, to the extent that the motion to amend contends that Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), are "new rule[s] of constitutional law" which entitle him to relief, such amendment would be futile, as Cunningham cannot demonstrate that either case has been "made

---

[1] See also United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000)("The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA")(citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999)).

retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989).

Apprendi is not retroactively applicable to cases on collateral review. Goode v. United States, No. 01-1340, 2002 WL 987905 (6th Cir. May 10, 2002); see also Oleson, No. 00-1938, 2001 WL 1631828, at *3-*4 (district court did not abuse its discretion in denying motion to amend § 2255 motion brought to assert Apprendi claim because amendment would have been futile); Snyder v. United States, No. 01-1258, 2001 WL 1298954, at *2 (6th Cir. Aug. 7, 2001) (upholding dismissal of § 2255 motion because, inter alia, "Apprendi may not be applied retroactively"); United States v. Murray, No. 98-1537, 2001 WL 118605, at *2-*3 (6th Cir. Jan. 25, 2001)(recalling mandate to permit application of Apprendi to case in which certiorari had recently been denied; noting that, with respect to those "defendants whose convictions became final before Apprendi was handed down, the new rule would not be retroactively applicable"); see also In re Clemmons, 259 F.3d 489 (6th Cir. 2001) (holding, on the basis of Tyler v. Cain, 533 U.S. 656 (2001), that Apprendi has not been "made retroactive to cases on collateral review by the Supreme Court", 28 U.S.C. § 2255, and, therefore, it may not form the basis for a second or successive § 2255 motion); White v. Lamanna, No. 01-4051, 2002 WL 857739, at *2 (6th Cir. May 3, 2002)(applying Tyler and Clemmons to deny consideration of an Apprendi issue raised in a petition pursuant to 28 U.S.C. § 2241);

4

Perkins v. Thomas, No. 01-5432, 2001 WL 1178279 (6th Cir. Sept. 24, 2001)(same).[2] Thus, Apprendi fails to provide Kelley with any basis for relief.

In United States v. Booker, 543 U.S. 220 (2005), the Court expressly stated that its holding in Blakely must be applied to all cases on direct review. Booker, 543 U.S. at 268 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls within the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

---

[2] These unpublished decisions are consistent with the decisions in other circuits refusing to give retroactive application to Apprendi. See Hamm v. United States, 269 F.3d 1247 (11th Cir. 2001); Dukes v. United States, 255 F.3d 912 (8th Cir. 2001); United States v. Moss, 252 F.3d 993, 996-1001 (8th Cir. 2001); United States v. Sanders, 247 F.3d 139, 146-51 (4th Cir. 2001); Jones v. Smith, 231 F.3d 1227, 1236-38 (9th Cir. 2000); cf. United States v. Smith, 241 F.3d 546 (7th Cir. 2001)(declining to decide whether Apprendi is retroactively applicable on collateral attack because defendant could not establish cause and prejudice sufficient to excuse his failure to raise the issue at trial and on direct review).

Accordingly, it would be futile to allow Cunningham to amend or supplement his motion to vacate to seek retroactive application of <u>Apprendi</u> and <u>Blakely</u>.  The motion is hereby DENIED.

III. <u>Analysis of Remaining Issues</u>

The AEDPA created a statute of limitations for filing habeas petitions under § 2255.  Because this petition was filed after April 24, 1996, the AEDPA is applicable.  <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 336 (1997).  The Court should consider this statute of limitations as a threshold matter.  <u>Holloway v. Corcoran</u>, 980 F. Supp. 160, 161 (D. Md. 1997), <u>app. dismissed</u>, 161 F.3d 1155 (4th Cir. 1998); <u>Bronaugh v. Ohio</u>, 235 F.3d 280 (6th Cir. 2000).

The relevant portion of 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review."  <u>Johnson v. United</u>

6

States, 246 F.3d 655, 657 (6th Cir. 2001). In this case, Cunningham's conviction became final no later than February 22, 2001, the last day on which he could have filed a notice of appeal. Accordingly, the limitations period expired on February 22, 2002, unless one of the conditions set forth above is applicable. Cunningham's motion was filed on March 31, 2004, and it would, therefore, appear to be untimely.

In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008. This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001)(citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500.

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable

>   considerations, a court should not extend limitations by
>   even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 F. App'x 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988)(refusing to apply equitable tolling when pro se litigant missed filing deadline by one day).

The motion contains no argument that Cunningham lacked notice of, or knowledge of, the filing requirement. Equitable tolling is inappropriate in this case. Mere negligence or a mistake of fact is ordinarily not the type of extraordinary circumstances that warrants equitable tolling. Brown v. United States, 20 Fed Appx. 373, 374 (6th Cir. Sept. 21, 2001)("Ignorance of the limitations period does not toll the limitations period.").

Cunningham contends that the entry of the order of nolle prosequi on his state charges on January 7, 2004, restarted the one year period for his § 2255 statute of limitations. Cunningham overlooks the fact that the disposition of the state charges was not an adjudication on the merits and is not tantamount to an acquittal. Dortch v. United States, 203 F.2d 709, 710 (6th Cir. 1953). The entry of that order provides no basis for extending, restarting, or tolling his statute of limitations. His motion to vacate is untimely and barred by the AEDPA statute of limitations.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing Section 2255

Proceedings in the United States District Courts.  Therefore, the Court finds that a response is not required from the United States Attorney, and that the motion may be resolved without an evidentiary hearing.  United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's convictions and sentences are valid, and his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal.  Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.  Section 2255 now incorporates the habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability.  No § 2255 movant may appeal without this certificate.

Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997), held that district judges may issue certificates of appealability under the AEDPA.  The Court also held that AEDPA codifies in amended § 2253 the standard for issuing a certificate of probable cause that was formerly found in prior § 2253, which codified Barefoot v. Estelle, 463 U.S. 880, 893 (1983). See Lyons, 105 F.3d at 1073.

> [P]robable cause requires something more than the absence of frivolity . . . and the standard for issuance of a certificate of probable cause is a higher one than the 'good faith' requirement of § 1915. . . . [A] certificate of probable cause requires petitioner to make a substantial showing of the denial of [a] federal right. [A] question of some substance, or a substantial showing of the denial of [a] federal right, obviously [does not

> require] the petitioner [to] show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

Barefoot, 463 U.S. at 893 (internal quotations and citations omitted). In this case, the defendant is clearly not entitled to amend his motion--he cannot seek retroactive application of Apprendi or Blakely on collateral review, and his remaining claim is clearly without merit and untimely. Thus, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore denies a certificate of appealability.

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. Hereford v. United States, 117 F.3d 949, 951 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601, 610 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal in forma pauperis in a § 2255 case, and thereby avoid the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] the prisoner must seek permission from the district court under Fed. R. App. P. 24(a). Hereford, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

---

[3]   The fee for docketing an appeal is $455. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

10

Rule 24(a) states, in pertinent part that:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by this defendant is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this 25th day of April, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE